OPINION
Appellant Roy Jones appeals the decision of the Canton Municipal Court that granted summary judgment on behalf of Appellee Charter One Bank ("Charter One") and denied both of his motions to dismiss. The following facts give rise to this appeal. On November 17, 1997, the United States District Court for the Northern District of Ohio issued a writ of continuing garnishment in the amount of $158,451.37 to Charter One seeking any funds the bank held on behalf of Appellant Roy Jones. Charter One's records indicated appellant maintained an account, at Charter One, with a balance of $379.56. Pursuant to the writ, Charter One placed a hold on appellant's account for the outstanding balance and filed an answer with the United States District Court identifying the existence of the account and the balance thereof. On November 25, 1997, Charter One sent notice to appellant of the receipt of the writ of continuing garnishment and the hold placed on his account. Thereafter, appellant contacted Charter One and contested the validity of the writ and Charter One's obligation to comply with the writ. Appellant also claimed the funds contained in the account were not subject to garnishment because they were derived from social security benefits. Appellant requested that Charter One amend its answer to reflect the fact that the funds contained in the account were exempt from execution as social security benefits. Charter One declined to amend its answer as it was not able to confirm that the funds were indeed social security benefits and therefore, exempt from garnishment. On January 30, 1998, the district court served Charter One with an order requesting that the funds contained in appellant's account be forwarded to the United States attorney. Charter One forwarded a check, in the amount of $376.65, to the U.S. Department of Justice, on March 2, 1998. Appellant filed this replevin action against Charter One on March 1, 1999, seeking return of the funds Charter One forwarded to the Department of Justice. Charter One filed an answer on March 15, 1999, and a motion for summary judgment on March 17, 1999. Appellant filed a motion to dismiss the affirmative defenses raised in Charter One's answer on March 23, 1999, and a second motion to dismiss on April 7, 1999, in which he sought dismissal of Charter One's motion for summary judgment. The trial court issued a judgment entry on April 12, 1999, overruling appellant's motions to dismiss and granting Charter One's motion for summary judgment. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE LOWER COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignment of error. I In his sole assignment of error, appellant contends the trial court erred when it granted Charter One's motion for summary judgment. We disagree. In support of this assignment of error, appellant first argues his complaint for replevin included all the necessary elements to maintain this cause of action and therefore, he did state a claim against Charter One. Section 3205, Title 28 U.S. Code sets forth the procedure for obtaining a garnishment in the United States District Court. Section 3206 expressly provides that a person who delivers property to the United States, in accordance with an order issued by the district court, pursuant to section 3001, Title 28 U.S. Code, is discharged from such debt to the judgment debtor. Specifically, this section provides: A person who pursuant to an execution or order issued under this chapter [28 U.S.C.S @@ (sic) 3001 et seq.] by a court pays or delivers to the United States, a United States marshal, or a receiver, money or other personal property in which a judgment debtor has or will have an interest, or so pays a debt such person owes the judgment debtor, is discharged from such debt to the judgment debtor to the extent of the payment or delivery.
The affidavit of Susan Hamilton, attached to Charter One's motion for summary judgment, clearly establishes Charter One complied with the procedures for writs of garnishment as provided for in the United States Code. Accordingly, Charter One, as a matter of law, is discharged from any liability to appellant associated with the payment of the funds in his account pursuant to the order issued by the district court. Appellant also argues Charter One breached a fiduciary obligation to him in responding to the writ of garnishment. We disagree with this argument as the Ohio Supreme Court has expressly found that a creditor/debtor relationship does not create a fiduciary relationship and a bank and its customers stand at arm's length in the absence of an understanding by both parties that a special trust and confidence has been reposed in the creditor. Blon v. Bank One, Akron, N.A. (1988), 35 Ohio St.3d 98,101; Umbaugh Pole Bldg. Co. v. Scott (1979), 58 Ohio St.2d 282, paragraph one of the syllabus. Further, in Ingram v. Hocking Valley Bank (Dec. 26, 1997), Athens App. No. 97 CA 7, unreported, the Fourth District Court of Appeals held that a bank is not under an obligation or duty to determine whether the funds contained in a customer's account are exempt from garnishment. Id. at 10. The court did acknowledge that personal earnings are exempt from garnishment and that personal earnings maintain their exempt status even after being deposited into a checking account, however, the court concluded that a bank was not obligated to determine the exempt nature of the funds. Based on the above facts and case law, we find the trial court properly determined no fiduciary relationship existed between appellant and Charter One and further, Charter One had no duty to determine whether the funds contained in appellant's account were exempt from garnishment proceedings. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.